IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40081
Conference Calendar

_____

CHARLES P. CHUMBLEY,

Plaintiff-Appellant,

versus

UNIDENTIFIED FERGUSON, Nurse,
Bradshaw State Jail,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-797
- - - - - - - - - -
August 18, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Charles P. Chumbley, Texas prisoner # 764038, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Chumbley's position on appeal is that Nurse Ferguson lied when she said nothing was wrong with him. Chumbley's brief contains no record citations, no citation to relevant legal authority, and no identification of any error in the district court's factual conclusions or legal analysis. Although this court liberally

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

construes the briefs of <u>pro</u> <u>se</u> litigants, <u>pro</u> <u>se</u> parties must still brief the issues and comply with the standards of Rule 28 of the Federal Rules of Appellate Procedure. <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995). The Federal Rules of Appellate Procedure require the parties to provide references to the record to support statements of fact. Fed. R. App. P. 28(a)(4); 5th Cir. R. 28.2.3. Rule 28(a)(6) also requires the argument to contain citations to the authorities relied on.

Giving Chumbley's brief the most liberal construction, at most he argues misdiagnosis and negligence. Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a § 1983 cause of action. <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). Nor is a prisoner's disagreement with his medical treatment sufficient to state a claim under § 1983. <u>Id</u>.

Chumbley's appeal is DISMISSED AS FRIVOLOUS for failure to comply with the rules requiring citations to the record and relevant legal authority, <u>see</u> <u>Moore v. FDIC</u>, 993 F.2d 106, 107 (5th Cir. 1993), and for failure to identify any error by the district court. <u>Grant</u>, 59 F.3d at 524-25.

APPEAL DISMISSED AS FRIVOLOUS.